IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrice Jerome, ) | No. CIV 03-1913-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Midway Holdings, Inc. et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Plaintiff has filed a complaint (Doc.1) asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, Civil Rights Act of 1991, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621. Defendants Midway Holdings, Inc. et al., have filed a motion to dismiss Plaintiff's economic damages claim as a discovery sanction or, in the alternative, to continue the dispositive motion deadline. (Doc. 55). The Court heard brief oral argument on the parties' discovery dispute on January 19, 2006. The parties have completed their briefing on Defendants' pending motion to dismiss the economic damages claim or to extend the dispositive motion deadline. (Doc. 60 & 62).

The discovery deadline in this case was October 3, 2005. At a status haring on September 27, 2005, neither party brought to the Court's attention any dispute regarding discovery. It appears, however, that the parties had agreed that the deposition of Defendants' former employee Jack Colson could be taken outside the discovery period without seeking an order from the Court to this effect. The Court held a hearing on December 6, 2005

1  regarding a discovery dispute raised by Defendants. At issue was Defendants' request for
2  information pertaining to Plaintiff's damages in anticipation of a settlement conference set
3  for December 20, 2005. The Court directed Plaintiff's counsel to provide certain financial
4  information relevant to Plaintiff's claim for damages in advance of the settlement conference.
5  It appears, however, that Plaintiff's counsel did not provide relevant financial information
6  until after the settlement conference. At another hearing on January 13, 2006, the Court ruled
7  that the deposition of Mr. Colson should be taken no later than February 8, 2006. The Court
8  also extended the dispositive motion deadline to February 17, 2006.

9       In the pending motion, Defendants contend that Plaintiff has failed to provide
10 financial information relevant to her claim for economic damages. The alleged missing
11 information includes Plaintiff's federal and state income tax returns for the 2002-2004 tax
12 years and bank statements from April 1, 2002 through the present, despite Defendants'
13 properly propounded and timely discovery requests. Defendants also point out that Plaintiff
14 did not provide original releases containing her signature until January 18, 2006.

15      Plaintiff has essentially responded that all available financial information has been
16 provided. Plaintiff states in her response that she has not filed tax returns for several years
17 and is unable to produce any tax returns. Plaintiff states that she has provided Defendants
18 with a written estimate of her lost wages and that she cannot calculate her lost wages with
19 mathematical certainty. Plaintiff's response does not appear to address Defendants' request
20 for bank statements.

21      The decision to impose sanctions under Fed.R.Civ.P. 37 is within the Court's
22 discretion and the Court is afforded great latitude in the matter. <u>Dahl v. City of Huntington
23 Beach</u>, 84 F.3d 363, 367 (9th Cir. 1996). The harsh remedy of exclusionary sanctions is
24 reserved for extreme circumstances. <u>Southern Union Co. v. Southwest Gas Corp.</u>,180 F.
25 Supp. 2d 1021, 1061 (D.Ariz. 2002). The Court has considered Defendants' motion to
26 dismiss Plaintiff's claim for economic damages in the context of the following five factors:

27
> (1) the public's interest in expeditious resolution of litigation; (2)
> the court's need to manage its docket;  (3) the risk of prejudice
28
> to the [opposing party]; (4) the public policy favoring

>disposition of cases on their merits; and, (5) the availability of less drastic sanctions.

Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Yourish v. California Amplifier, 191 F.3d 983, 989 (9th Cir. 1999).

Upon consideration of these factors, the Court has determined that dismissal of Plaintiff's economic damages claim is not appropriate at this time. The preference is for disposition of cases on their merits rather than dismissal. Moreover, the trial date has not been set in this case.

The Court will grant Defendants until March 1, 2006 to complete any further discovery on Plaintiff's economic damages claim now that Defendants are in possession of Plaintiff's original signed releases. Within this time period, Plaintiff shall provide answers to Defendants' written discovery requests to the extent presently due. Plaintiff further is directed to provide to Defendants the requested bank records to the extent that any such records are in Plaintiff's possession. The dispositive motions deadline shall be extended to March 31, 2006.

The Court will consider any further claim by Defendants that Plaintiff has failed to properly provide discovery on her economic damages claim in a subsequent appropriate motion, such as a timely-filed motion in limine to limit or exclude evidence at trial. The Court at that time also will consider any motion by Defendants for costs and attorneys' fees for failure of Plaintiff to timely provide discovery on her economic damages claim.

**Accordingly**,

**IT IS ORDERED** that Defendants' motion to dismiss Plaintiff's economic damages claim (Doc. 55) is denied without prejudice.

**IT IS FURTHER ORDERED** that Defendants' motion to continue the dispositive motion deadline (Doc. 55) is granted.

**IT IS FURTHER ORDERED** that Defendants shall complete discovery on Plaintiff's economic damages claim by March 1, 2006.

**IT IS FURTHER ORDERED** that the dispositive motion deadline shall be extended to March 31, 2006.

**IT IS FURTHER ORDERED** that Defendants' motion for expedited consideration of the motion to dismiss (Doc. 56) is denied as moot.

DATED this 15th day of February, 2006.

_____
Mary H. Murguia
United States District Judge