**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Patrice Jerome, | ) | No. CV 03-1913-PHX-MHM |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Midway Holding, Inc. et al., | ) | |
| Defendants. | ) | |
| | ) | |

Presently before the Court is Defendants' Motion for Partial Reconsideration (Doc. 79), to which Plaintiff has filed a Response. Defendants also have filed a Motion for Leave to File a Reply in Further Support of the Motion for Partial Reconsideration (Doc. 87). Defendants' Motion for Leave to File a Reply is fully briefed. The Court has considered all relevant documents issues the following Order.

BACKGROUND

Defendants move the Court to reconsider its Summary Judgment Order specifically concerning two aspects of its ruling on Plaintiff's claims for sexual harassment and sex discrimination. First, Defendants argue that the Court did not address Defendants' affirmative defense under Faragher v. City of Boca Raton, 524 U.S. 775 (1998), and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998). Second, Defendants argue that it appears that the Court did not consider the fact that Plaintiff's former supervisor Jack

Colson, who made the decision to terminate Plaintiff, did not personally make, nor was he aware of, disparaging sexist remarks made to or about Plaintiff. Therefore, Defendants argue, no discriminatory animus can be attributed to Mr. Colson.

## LEGAL STANDARD

A motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) shall be filed no later than ten days after entry of the judgment. A Rule 59(e) motion may be granted (1) to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) as necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. Turner v. Burlington Northern Santa Fe Railroad Co., 338 F.3d 1058, 1063 (9th Cir. 2003). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).

## DISCUSSION

Initially, the Court considers Defendants' Motion for Leave to File a Reply in Further Support of the Motion for Partial Reconsideration. In the interest of full consideration of the issues, the Court hereby grants Defendants' Motion for Leave to File a Reply.

I.   FARAGHER/ELLERTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S SEXUAL HARASSMENT CAUSE OF ACTION

Defendants argue that the Court did not address Defendants' affirmative defense under Faragher and Ellerth. Faragher, 529 U.S. at 807, provides for a complete affirmative defense to harassment claims involving alleged harassment not involving a tangible employment action against an employee where: "(a) the employer exercised reasonable care to prevent and correct promptly any harassing behavior, and (b) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Defendants argue that they can not be liable for the disparaging sexual harassment Plaintiff experienced while under their employ because they

1  can only be liable for alleged harassment if Plaintiff complained of harassment and
2  Defendants failed to take remedial action. Id., at 789. In Faragher the Supreme Court found
3  that the employer was vicariously liable for its employees harassing behavior because of the
4  employer's failure to exercise reasonable care to prevent harassing behavior. Id. at 778.

5  Though Defendants correctly cite the two prongs of a sexual harassment affirmative
6  defense as provided by the Supreme Court in Faragher, Defendants neglect to provide the
7  Faragher holding in its entirety. Faragher further states that "[w]hen no tangible employment
8  action is taken, a defending employer may raise an affirmative defense to liability or
9  damages, *subject to proof by a preponderance of the evidence*, see Fed. Rule Civ. Proc. 8(c)."
10 Id. at 807. "A tangible employment action constitutes a significant change in employment
11 status, such as hiring, firing, failing to promote, reassignment with significantly different
12 responsibilities, or a decision causing a significant change in benefits. . . . A tangible
13 employment action in most cases inflicts direct economic harm." Ellerth, 524 U.S. at 761-62.

14 Here, Defendants assert that no tangible employment action occurred. Though
15 Plaintiff was terminated from her position at Midway, she was terminated by Mr. Colson,
16 who did not personally make, nor was he aware of, disparaging sexist remarks made to or
17 about Plaintiff. Thus, Defendants may benefit from the Faragher/Ellerth affirmative defense,
18 if they can prove both by a preponderance of the evidence that "(a) [Defendants] exercised
19 reasonable care to prevent and correct promptly any harassing behavior, and (b) [Plaintiff]
20 employee unreasonably failed to take advantage of any preventive or corrective opportunities
21 provided by the employer or to avoid harm otherwise" by a preponderance of the evidence.
22 Id. at 807.

23 Defendants must meet both prongs of the test to establish the Faragher/Ellerth
24 affirmative defense. Though Plaintiff may not have taken full advantage of the policies and
25 procedures Defendants assert were in place to address workplace harassment, Defendants
26 have the burden to show by a preponderance of the evidence that they exercised reasonable
27 care to prevent and promptly correct harassing behavior. Defendants assert that they had
28

"written policies and procedures to prevent and promptly remedy any alleged harassment" as well as a "1-800 Employee Hotline," and that Plaintiff unreasonably failed to take advantage of these policies and procedures. Despite Defendants' assertions of policies and procedures to prevent workplace harassment, there exists tremendous evidence of disparaging comments in the workplace. Thus, in light of the evidence of allegedly harassing comments and pointedly vulgar name-calling in the workplace, the Court is not convinced by a preponderance of the evidence that Defendants policies, procedures, and "1-800 Employee Hotline" were put into everyday practice with reasonable care to prevent and correct harassing behavior nor that the policies and procedures were established in good faith. Thus, as the Supreme Court found in Faragher, the Court finds that Defendants have not met their burden that they exercised reasonable care to prevent and promptly correct any harassing behavior. The Court, again, finds that a genuine issue of material fact exists with regard to Plaintiff's sexual harassment cause of action.[1] Accordingly, Defendants' Motion for Partial Reconsideration based on a Faragher/Ellerth affirmative defense is denied.

## II.   RECONSIDERATION OF PLAINTIFF'S SEXUAL DISCRIMINATION CAUSE OF ACTION

Next, Defendants argue that it appears that the Court did not consider the fact Plaintiff's former supervisor Jack Colson, who made the decision to terminate Plaintiff, did not personally make, nor was he aware of, disparaging sexist remarks made about Plaintiff. therefore, Defendants argue, no discriminatory animus can be attributed to Mr. Colson.

To establish a *prima facie* case of sexual discrimination Plaintiff must show the following: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subjected to an adverse employment action; and (4) that Plaintiff's employer treated Plaintiff differently than a similarly situated employee who does not belong to the same

---

[1] By Defendants' own account, Plaintiff's sexual harassment claim is based on disputed allegations of inappropriate sexist name-calling.

- 4 -

1  protected class as Plaintiff. Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th
2  Cir. 2005) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The Ninth
3  Circuit "has explained that under the McDonnell Douglas framework, 'the requisite degree
4  of proof necessary to establish a *prima facie* case for Title VII on summary judgment is
5  minimal and does not even need to rise to the level of a preponderance of the evidence.'" Id.
6  (quoting Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994)); see Godwin v. Hunt
7  Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir. 1998).

8        If the plaintiff succeeds in establishing a *prima facie* case, the burden of production
9  shifts to the defendants to articulate a legitimate, nondiscriminatory reason for terminating
10 the plaintiff's employment. McDonnell Douglas, 411 U.S. at 802. If the defendants do so,
11 the plaintiff must demonstrate that the defendant's articulated reason is a pretext for unlawful
12 discrimination by "'either directly persuading the court that a discriminatory reason more
13 likely motivated the employer or indirectly by showing that the employer's proffered
14 explanation is unworthy of credence.'" Chuang v. Univ. of Cal. Davis, 225 F.3d 1115, 1124
15 (9th Cir. 2000) (quoting Texas Dept. of Cmty Affairs v. Burdine, 450 U.S. 248, 256 (1981)).
16 However, the plaintiff's evidence must be both specific and substantial to overcome the
17 legitimate reasons put forth by the defendant. E.g., Bergene v. Salt River Project
18 Improvement & Power Dist., 272 F.3d 1136, 1143 (9th Cir.2001); Godwin, 150 F.3d at 1221;
19 Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir.1996).

20       If the plaintiff demonstrates pretext, then the burden-shifting framework disappears,
21 and the only remaining issue is "'discrimination vel non.'" Reeves v. Sanderson Plumbing
22 Prods., 530 U.S. 133, 143 (2000) (quoting U.S. Postal Service Bd. of Governors v. Aikens,
23 460 U.S. 711, 714 (1983)). While the burden of production may shift, the "ultimate burden
24 of persuading the trier of fact that the defendant intentionally discriminated against the
25 plaintiff remains at all times with the plaintiff." Texas Dept. of Cmty Affairs, 450 U.S. at
26 253.

- 5 -

1    In their Motion for Partial Reconsideration, Defendants assert that the Plaintiff's
2 sexual discrimination cause of action is based on two inappropriate sexist name-calling
3 remarks by her former co-workers, Mike Moss and Patrick Beaman.  The Court notes that
4 this statement is not entirely true because it appears from the facts submitted that Mr.
5 Beaman was not merely a co-worker but, rather, he was Plaintiff's supervisor at the time he
6 made the sexist comment toward Plaintiff. At any rate, the Court finds that Plaintiff presented
7 a *prima facie* case that belongs to a protected class, that she was qualified for her position,
8 that she was subjected to an adverse employment action, and that Plaintiff's employer treated
9 Plaintiff differently than similarly situated employee who does not belong to the same
10 protected class as Plaintiff.

11    Next the burden of production shifts to Defendants to articulate a legitimate,
12 nondiscriminatory reason for terminating the plaintiff's employment.  McDonnell Douglas,
13 411 U.S. at 802.  Defendants provide evidence to argue that Plaintiff was terminated due to
14 poor job performance.

15    Finally, Plaintiff must demonstrate that Defendants' articulated reason is a pretext for
16 unlawful discrimination.  Id.  Defendants argue that Plaintiff cannot establish that
17 Defendants' reason for terminating Plaintiff's employment was a pretext for unlawful
18 discrimination. Defendants cite Mondero v. Salt River Project, 400 F.3d 1207, 1213 (9th Cir.
19 2005), DeHorney v. Bank of Am. Nat'l Trust & Sav. Ass'n, 879 F.2d 459, 467-68 (9th Cir.
20 1989), and Vasquez v. County of Los Angeles, 349 F.3d 634, 640 (9th Cir. 2005), to argue
21 that Plaintiff's Motion for sexual discrimination should be dismissed due to lack of evidence
22 that the person who decided to terminate Plaintiff – Mr. Colson – knew of or was influenced
23 by discriminatory remarks made to and about Plaintiff.

24    However, Plaintiff contends that Mr. Beaman remained Plaintiff's supervisor even
25 after he made a disparaging sexist comment about Plaintiff. Plaintiff claims that Mr. Beaman
26 directed Plaintiff's day to day activities.  So, even if Mr. Colson made the final decision to
27 terminate Plaintiff.  A plaintiff can prove pretext either "(1) indirectly, by showing that the

28

1 employer's proffered explanation is 'unworthy of credence' because it is internally
2 inconsistent or otherwise not believable, or (2) directly, by showing that unlawful
3 discrimination more likely motivated the employer." Godwin v. Hunt Wesson, Inc., 150 F.3d
4 1217, 1220-22 (9th Cir. 1998). If Mr. Beaman continued on as Plaintiff's supervisor until the
5 time Plaintiff was terminated, Mr. Colson's impressions of Plaintiff's alleged poor job
6 performance could have been influenced by Mr. Beaman. Moreover, Plaintiff had no history
7 of being reprimanded by Midway before she complained about Mr. Beaman's inappropriate
8 treatment. Thus, the Court finds a genuine issue of material fact exists with regard to
9 Plaintiff's sexual discrimination cause of action. Accordingly, Defendants' Motion for
10 Partial Reconsideration of this claim is denied.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Defendants' Motion for leave to File a Reply in Further Support of the Motion for Partial Reconsideration (Doc. 87) is granted.

IT IS FURTHER ORDERED that Defendants' Motion for Partial Reconsideration (Doc. 79) is denied.

IT IS FURTHER ORDERED that this matter for Status Hearing on September 10, 2007 at 3:45 p.m.

DATED this 3rd day of August, 2007.

_____
Mary H. Murguia
United States District Judge

- 7 -